UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ron Debus,<br><br>          Plaintiff,<br>v.<br><br>National Action Financial Services, Inc., and DOES 1-10,<br><br>          Defendant. | Civil Action No.: _____<br><br><br><br>COMPLAINT |

For this Complaint, the Plaintiff, Ron Debus, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Ron Debus ("Plaintiff"), is an adult individual residing in Kailua, Hawaii, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, National Action Financial Services, Inc. ("National"), is a registered foreign business corporation with an address of 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221, in Erie County, operating as a collection agency, and is a "debt

collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by National and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. National at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. Plaintiff incurred a financial obligation (the "Debt") in the approximate range of $6,500.00 to $8,500.00 to Citibank (the "Creditor") in 1999 through the use of a credit card.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to National for collection, or National was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **National Engages in Harassment and Abusive Tactics**

12. Defendants contacted Plaintiff in late August of 2009 in order to collect on the Debt incurred in 1999.

13. The last payment Plaintiff made on the Debt was in approximately 1999.

14. Defendants are attempting to collect $33,874.12 from the Plaintiff despite the

lapse of the statute of limitations on collection of the Debt.

15. Defendants call Plaintiff up to twice per day, including on one Sunday.

16. When Plaintiff asks questions about the Debt, such as regarding the statute of limitations on collection, Defendants hang up the phone on him.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. Defendants' numerous phone calls added to Plaintiff's stress as he underwent cancer treatment.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA
### 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants

3

misrepresented the character, amount and legal status of the debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349 -
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

30. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

31. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

32. By virtue of the foregoing, Plaintiff is entitled to recover his actual damages,

trebled, together with their reasonable attorneys' fees.

## COUNT III
## COMMON LAW FRAUD

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

35.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

   1.   Against the named Defendants, jointly and severally, awarding Plaintiff his actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   2.   Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

   3.   Against the named Defendants, jointly and severally, awarding Plaintiff his actual damages, trebled;

4. Against the named Defendants, jointly and severally, awarding Plaintiff recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named Defendants, jointly and severally, awarding Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 5, 2009

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
300 International Drive, Suite 100
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff